IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WANDA SHEPPARD,

          Plaintiff,

v.

SUPERIOR SERVICES, INC. and
EVERETT BOUDREAU,

          Defendants.

ORDER

14-cv-61-jdp

In a May 6, 2014 order, plaintiff Wanda Sheppard was granted leave to proceed on federal and state law claims against defendants Superior Services, Inc. and Everett Boudreau for discriminating against her while she worked at Superior Services' food service job site at Fort McCoy, Wisconsin. Because plaintiff is proceeding *in forma pauperis*, the court sent copies of the complaint and May 6 order to the United States Marshals Service to effect service on defendants.

Now the Marshals Service has submitted "process receipt and return" forms for both defendants, indicating that it was unable to locate either defendant. According to the notations on the form for Superior Services, the company has moved from its location on North Chestnut Avenue in Fresno, California. A search located no new address, the telephone number listed for the company was disconnected and the human resources contact did not respond to an email inquiry. With regard to Boudreau, the form indicates that he was fired from Superior Services, has not been seen in Fort McCoy for three years and "has no ties" to the base. The form also states that Superior Services has not been the contractor at Fort McCoy since November 2012.

Based on this information, I conclude that the Marshals Service has made reasonable efforts to locate defendants. *See Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (once

defendant is identified, marshal to make reasonable effort to obtain current address). As the court has stated many times previous, the Marshals Service is not required to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records. *See, e.g.*, *Mosby v. Doe*, 2009 WL 278967 (W.D. Wis. Feb. 5, 2009).

A plaintiff cannot maintain a lawsuit against defendants who have not received notice of the claims against them. However, before the court dismisses[1] the case because of this problem, plaintiff will be given a short deadline to explain if she would like to pursue obtaining service over defendants herself by conducting her own search or hiring someone to do so.

ORDER

It is ORDERED that plaintiff Wanda Sheppard may have two weeks, until July 15, 2014 to explain to the court whether and how she will attempt to locate defendants for the purpose of serving the with the complaint in this action. Failure to respond to this order will result in dismissal of the case.

Entered this 1st day of July, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] Even if the court ultimately dismissed the case for failure to serve defendants, such a dismissal would be without prejudice, which means that in the right circumstances, plaintiff could refile this lawsuit.